# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| DANNY D. HESTDALEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-CV-39-JAR |
| | ) |
| CORIZON CORRECTIONS | ) |
| HEALTHCARE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions of pro se plaintiff Danny D. Hestdalen: (1) motion for an emergency injunction; (2) motion to reconsider order of partial dismissal; (3) motion for an injunction; (4) motion to remove and enjoin a defendant, which the Court construes as a motion to correct the record; and (5) motion to supplement the complaint with documents from plaintiff's administrative remedies file. For the following reasons, the Court will deny motions (1) through (3), and grant motions (4) and (5).

## Background

Plaintiff, an inmate at Moberly Correctional Center ("MCC"), was born with hereditary bilateral sensorineural hearing loss, and requires the use of bilateral hearing aids. Plaintiff brings this action under 42 U.S.C. § 1983, alleging prison and medical staff at MCC have been deliberately indifferent to his serious medical need. Specifically, plaintiff alleges defendants have denied him two hearing aids that work for his particular hearing loss. In addition, plaintiff states that defendants have denied him access to an otolaryngologist ("ENT") to evaluate his Eustachian tube dysfunction.

## Discussion

### 1. Motion for an Emergency Injunction

The Court will construe plaintiff's motion for an emergency injunction as a motion for a temporary restraining order. Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders ("TRO") and preliminary injunctions. In deciding a TRO or preliminary injunction, courts consider: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

The Eighth Circuit has held that the "two most critical factors for the district court to consider" are (1) the probability of success on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted. *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976). The burden of proof rests on the movant, and "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotations omitted). Because the Court finds that plaintiff has not shown he will suffer irreparable harm if an emergency injunction is not granted, and because the Court finds this determination dispositive of the motion, the Court will address only factors (1) and (2). *See Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) ("Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction.").

### (a) *Success on the Merits*

Factor one, the likelihood of success on the merits, requires the movant to find support for his position in the governing law. *See, e.g., Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1473-74 (8th Cir. 1994). The Court is not deciding whether movant will ultimately win, but rather whether his position is legally supported. *See Glenwood Bridge Inc. v. City of Minneapolis*, 940 F.2d 367, 371 (8th Cir. 1991).

A plaintiff suing under § 1983 must show defendants were deliberately indifferent to his serious medical needs. Plaintiff has complained to defendants of his Eustachian tube dysfunction in his left ear since January 2013. Plaintiff's medical journal shows that he has sought a referral to an ENT on at least four occasions. When the request was finally approved, through the recommendation of an outside audiologist, plaintiff saw Dr. Thompson. However, because MCC did not send all plaintiff's hearing test results to Dr. Thompson, he conducted a cursory examination of plaintiff's ear but had to reschedule the appointment until after he received plaintiff's medical records from MCC.

> When the nurse returned, she stated that she could not get ahold of anyone at MCC's medical clinic and was unable to obtain the hearing tests plaintiff informed them of, thus plaintiff will need to be rescheduled to continue the evaluation when they have all the information. She also stated that Dr. Thompson was irritated because Corizon was wasting his time by not including all the information necessary to perform his evaluation. Officer Lester, [plaintiff's transport officer], had to repeat what the nurse was saying as plaintiff was unable to understand all that she said.

Plaintiff's appointment with Dr. Thompson has not been rescheduled.

Plaintiff's 87-page complaint details his frustrating and complex dealings with prison and medical staff at MCC in his attempt to obtain two hearing aids that work for his particular hearing loss. The record demonstrates also that plaintiff was denied three separate referrals to an ENT, and only saw an ENT after an outside audiologist referred him. He has alleged a serious

-3-

medical need that defendants seem to be systematically disregarding. At this point in the case, plaintiff has presented a sufficiently strong case of deliberate indifference to a serious medical need that the likelihood of success factor rests in his favor.

### (b) Irreparable Harm

The second *Dataphase* factor is the threat of irreparable harm to the movant absent the injunction. If movant fails to sustain his burden in showing irreparable harm absent a preliminary injunction, a denial of the injunctive request is warranted. *See Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996). Possible or speculative harm is not enough. Rather, the party seeking the injunctive relief must show a significant risk of harm exists. *See Johnson v. Bd. of Police Comm'rs*, 351 F. Supp. 2d 929, 945 (E.D. Mo. 2004). "To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 778 (8th Cir. 2012).

Plaintiff motion for an emergency injunction seeks a referral immediately to an ENT specialist. He states the referral is necessary for an "immediate exploratory evaluation including an MRI of plaintiff's ETD issue is in order to arrest further growth and damage if there is, in fact an acoustic neuroma [tumor] present."

Based on plaintiff's reply in support of his motion for an emergency injunction, plaintiff is fearful that a tumor might be causing his symptoms. He states this fear is consistent with an article from a medical journal he was given by Dr. Aguilera. Plaintiff states that he will suffer irreparable harm if an emergency injunction is not issued, because either he already has a tumor in his ear or if his Eustachian tube dysfunction continues to go untreated he might develop tumors in his inner ear.

-4-

Plaintiff has been routinely seen by doctors, however, and no doctor has opined that plaintiff's medical problem is a tumor. Dr. Stamps at MCC has ruled out the possibility of a tumor. Based on the current record, the Court has no evidence that plaintiff will suffer any irreparable harm if an emergency injunction is not issued. The Court has only plaintiff's speculation as to his potential harm, based on his current symptomatology and a medical journal article. The Court finds plaintiff has failed to allege an irreparable harm that "is certain and great and of such imminence" that there is a present need for equitable relief. *S.J.W.*, 696 F.3d at 778. Because plaintiff cannot demonstrate irreparable harm, the Court will deny his motion for an emergency injunction.

2. Motion for an Injunction

Plaintiff has filed a separate motion for an injunction, asking the Court to allow him access to an ENT specialist experienced in diagnosing and treating a person with an Eustachian tube dysfunction. Plaintiff's complaint already seeks this relief. Specifically, paragraph VII.1 of the complaint states that for relief plaintiff asks the Court to "Compel Corizonhealth/MDOC to [p]rovide an ENT specialist to treat Eustachian tube dysfunction as stated in the Emergency Injunction Request." *See* ECF No. 1 at 85. Because this form of injunctive relief has already been sought through the pending complaint, and because the Court is denying plaintiff's pending motion for an emergency injunction, the Court will deny as moot plaintiff's separate motion for an injunction.

3. Motion for Reconsideration of Partial Dismissal

Plaintiff has filed a motion to reconsider the Court's partial dismissal without prejudice of defendants Kerry L. Witty, Ralf Sulke, Thomas Bredeman, Corizon LLC, Kathy Barton, MDOC, MCC, Dean Minor, H. Townsend, and J. Allen. These defendants were dismissed on

initial review under 28 U.S.C. § 1915(e). *See* ECF Nos. 9 and 10. Plaintiff has not pointed to any mistake, inadvertence, or newly discovered evidence to support his motion. Rather, plaintiff simply argues that his complaint sufficiently stated a claim against these individuals (many of which sound in respondeat superior) and institutions. After careful review, the Court will deny plaintiff's motion to reconsider its order of partial dismissal.

4. Motion To Remove and Enjoin Defendant

In plaintiff's motion to remove and enjoin defendant, he asks the Court to correct the docket to reflect that defendant J. Cofield is employed by Corizon, not MDOC. Originally, plaintiff had thought defendant J. Cofield was employed by MDOC, but further information revealed that defendant J. Cofield was employed by Corizon. The Court will grant plaintiff's motion, and order the Clerk of Court to issue process or cause process to issue on J. Cofield pursuant to the waiver of service agreement the Court maintains with Corizon.

5. Motion to Supplement the Complaint

Finally, plaintiff has filed recently a motion to supplement the complaint with his current and up-to-date files regarding his pursuit of administrative remedies through MCC. The Court will grant the motion under Federal Rule of Civil Procedure 15(d). Because the supplement does not alter the allegations contained in the complaint, and merely provides a declaration of plaintiff and additional documentation, the Court will not order defendants to file any answer to the supplemental materials.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for an emergency injunction is **DENIED**. [ECF No. 4]

**IT IS FURTHER ORDERED** plaintiff's motion for reconsideration of the Order of Partial Dismissal is **DENIED**. [ECF No. 21]

**IT IS FURTHER ORDERED** that plaintiff's motion for an injunction is **DENIED as moot**. [ECF No. 22]

**IT IS FURTHER ORDERED** that plaintiff's motion to remove and enjoin defendant J. Cofield, which the Court construes as a motion to correct the docket, is **GRANTED**. [ECF No. 23]

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with Corizon, as to J. Cofield in his individual capacity.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement the complaint with his complete record of MDOC's administrative remedies is **GRANTED**. [ECF No. 36]

**IT IS FURTHER ORDERED** that defendants' motion to file a document under seal is **GRANTED**. [ECF No. 18] The Court notes that defendants have already filed under seal the documents at issue.

A separate Case Management Order will issue along with this Memorandum and Order.

Dated this 28th day of November, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE