UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DANNY D. HESTDALEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18-cv-00039-JAR |
| | ) | |
| | ) | |
| CORISON CORRECTIONS | ) | |
| HEALTHCARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Danny D. Hestdalen's Motion to Amend Complaint (Doc. 46), and Defendant John DeGhetto's Motion to Dismiss (Doc. 44).

On December 3, 2018, DeGhetto filed a Motion to Dismiss Plaintiff's medical malpractice claim on the ground that Plaintiff had not filed an affidavit in support as required by Missouri law. (Doc. 44.) In that Motion, DeGhetto also noted that Plaintiff's allegations against him "sound in deliberate indifference rather than medical malpractice." (*Id.*) In response, Plaintiff filed this motion, agreeing that his claim sounds in deliberate indifference and therefore seeking leave to amend his complaint to formally assert a deliberate indifference claim. (Doc. 46.)

Motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See Lexington Ins. Co. v. S & N Display Fireworks, Inc.*, 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011). Under Rule 15(a), leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad

faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). In addition, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106)).

"The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial." *Nadist*, *LLC v. Doe Run Res. Corp.*, No. 4:06CV969 CDP, 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009) (citing *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001)). "Whether to grant a motion for leave to amend is within the discretion of the Court." *Id.* (citing *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).

In light of DeGhetto's recognition that Plaintiff's allegations sound in deliberate indifference and the Court's liberal construction of Plaintiff's pro se complaint, the Court concludes that granting leave is in the interest of justice and would not prejudice Defendants. As such, DeGhetto's Motion to Dismiss is moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Danny D. Hestdalen's Motion to Amend Complaint (Doc. 46), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant John DeGhetto's Motion to Dismiss (Doc. 44), is **DISMISSED as moot.**

Dated this 4th Day of January, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE