UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANNY D. HESTDALEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:18-cv-00039-JAR |
| | ) |
| CORRIZON CORRECTIONS HEALTHCARE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Danny D. Hestdalen's Motion for Leave to File Second Amended Complaint (Doc. 63), and Motion for Appointment of Counsel (Doc. 45).

Motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure. See Lexington Ins. Co. v. S & N Display Fireworks, Inc., 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011). Under Rule 15(a), leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial." *Nadist*, LLC v. Doe Run Res. Corp., No. 4:06CV969 CDP, 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009) (citing *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001)). "Whether to grant a motion for leave to amend is within the discretion of the Court." *Id.* (citing *Popoalii v. Correctional*

*Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).

Plaintiff's proposed second amended complaint substitutes a specific defendant for a "John Doe, UMMD" placeholder. (Doc. 63.) The Court finds that this amendment would further the interests of justice by allowing the parties to more fully litigate their dispute. Accordingly, the Court will grant Plaintiff's motion and docket his second amended complaint as the operative pleading, replacing all prior complaints.

As to Plaintiff's motion for appointment of counsel, there is no constitutional or statutory right to counsel in civil cases. *See Philips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). In determining whether to appoint counsel in a civil case, the Court should consider the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Id.* (citing *Edgington v. Missouri Dep't of Corr.*, 85 F.3d 777, 780 (8th Cir. 1995)).

The Court believes the record demonstrates that Plaintiff can effectively present his claims. While those claims are medical in nature, Plaintiff has demonstrated a strong grasp on the medical issues involved and illustrated a deep understanding of the available treatments and the relative appropriateness of each. Further, the Court finds that, at this point in the case, expert testimony is not immediately necessary to proceed. Thus, the Court will deny Plaintiff's motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Danny D. Hestdalen's Motion for Leave to File Second Amended Complaint (Doc. 63), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 45), is **DENIED.**

Dated this 1st day of May, 2019.

                                                           _____
                                                           JOHN A. ROSS
                                                           UNITED STATES DISTRICT JUDGE