UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DANNY D. HESTDALEN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 2:18-cv-00039-JAR |
| CORRIZON CORRECTIONS HEALTHCARE, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on various discovery motions filed by Plaintiff Danny D. Hestdalen: four Motions for Additional Interrogatories (Docs. 62, 99, 139, 151); Motion to Compel (Doc. 66); Motion for Court Order of Independent Medical Examination (Doc. 114); Motion to Supplement Motion for Court Order of Independent Medical Examination (Doc. 150); and Motion for Additional Requests for Production (Doc. 140). In addition, Plaintiff has filed several motions relating to case management: Motion to Supplement Amended Complaint (Doc. 97); Motion for Service of Process (Doc. 102); Motion for Extension of Time to Name Expert Witness (Doc. 113); and Motion to Substitute Party (Doc. 132). Lastly, Plaintiff moves for appointment of counsel (Doc. 98).

### Discovery Motions

The Court will deny Plaintiff's motions for additional interrogatories (Docs. 62, 99, 139, 151), and requests for production (Doc. 140). Civil parties are bound by the presumptive limit of twenty-five interrogatories per party as set forth in Fed. R. Civ. P. 33(a). Plaintiff asserts that some defendants refused to answer all of his interrogatories because they had already answered

the first twenty-five, and he insists that the remaining unanswered interrogatories are among the most important. Plaintiff's failure to affectively craft his discovery requests is not good cause to go beyond the presumptive limit and he fails to demonstrate any other good cause to do so. On the other hand, requests for production are not limited in number, *see* Fed. R. Civ. P. 34, and therefore Plaintiff's request for permission to file additional requests is unnecessary.

The Court will deny Plaintiff's Motion to Compel (Doc. 66), because it does not sufficiently describe the discovery sought. Further, Defendants represent in their response that they have complied in good faith with Plaintiff's discovery requests. Because the Court cannot identify which interrogatories or requests for production Plaintiff seeks to compel, the motion must be denied.

The Court will deny Plaintiff's motion for court-ordered independent medical exam (Doc. 114), because his current condition does not bear on his constitutional claim. While his current condition might be relevant to calculating damages—if, for instance, he can show some deterioration due to Defendants' deliberate indifference—his current condition does not assist the trier-of-fact in determining whether he was denied medical treatment. To the extent Plaintiff seeks evidence that he was injured by Defendants' substandard care, that is a claim for medical malpractice, which is insufficient to prove Eighth Amendment deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In short, Plaintiff fails to demonstrate good cause to order the exam.

Regardless, the Court does not have authority to appoint an expert witness at government expense for a civil litigant, even an indigent one, and a litigant's in forma pauperis status does not entitle him or her to the waiver of payment of ordinary expenses of litigation. *Grace v. Hakala*, No. 1:11CV81 LMB, 2012 WL 2190902, at *3 (E.D. Mo. June 14, 2012). Neither the Court nor defendants are required to pay for a plaintiff's expert witness. *See, e.g., U.S. Marshals*

*Service v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984) (There is no statutory authority to courts to authorize payment of expert witness fees and expenses in civil suits for damages brought by indigent inmates.); *Boring v. Kozakiewicz,* 833 F. 2d 468, 474 (3d Cir. 1987) (same). For the same reasons, the Court will deny Plaintiff's motion to supplement his motion for medical examination, which would be futile (Doc. 150).

## Case Management Motions

The Court will deny Plaintiff's Motion to Supplement Amended Complaint. (Doc. 97.) As an initial matter, Plaintiff has already been granted leave to amend his complaint on two prior occasions. (Docs. 51, 67.) The Court believes a fourth bite at the apple would be unduly prejudicial to Defendants. Further, Plaintiff seeks to supplement his complaint with new results from MRI scans. (Doc. 97.) As is the case with Plaintiff's desire for a medical examination, recent test results do not assist the trier-of-fact in determining whether Plaintiff was denied treatment—at most, they support a claim that the treatment he received was subpar, which is insufficient to prove deliberate indifference. *Estelle*, 429 U.S. at 106; *see also Popoalii v. Correctional Medical Services,* 512 F.3d 488, 497 (8th Cir. 2008) (a district court may properly deny a motion to amend a pleading if the amendment would be futile).

In its prior order, the Court found that Plaintiff had stated a plausible claim against John Deghetto, "whom [Plaintiff] states is the physician at Corizon Corrections Healthcare that reviews, approves, and denies request[s] for referrals to outside medical specialists"—the Utilization Management Medical Director, or UMMD. (Doc. 9 at 6.) In his Second Amended Complaint, Plaintiff adds Bartels, asserting that he replaced Deghetto in that role. (Doc. 69.) Based on the Court's prior determination that Plaintiff's claims against Deghetto survived initial review, and given Plaintiff's claims that the deprivation continues under Bartels's leadership, the Court was amenable to adding Bartels. Now, Plaintiff moves to substitute "Corizon LLC's

3

Corporate [UMMD] who replaced Dr. Mandip Bartels some time after March 2019." (Doc. 132.) Having concluded that Plaintiff had a plausible claim against Deghetto, and in light of Plaintiff's allegation that the deprivations are ongoing, the Court will grant Plaintiff's motion to substitute. Because substitution would essentially add a John Doe defendant, the Court will also order Defendants to identify the current UMMD serving in the same or similar role as Deghetto and Bartels served. Consequently, the Court will dismiss Plaintiff's claims against Bartels.

The Court will grant Plaintiff's Motion for Service of Process (Doc. 102), as to Corizon's current UMMD and Defendant Moberly Correctional Center ("MCC"), but will deny it as to the other unserved defendants. Plaintiff's complaint was subjected to an initial screening during which the Court dismissed, among others, Missouri Department of Corrections ("MDOC"), Dean Minor, H. Townsend, J. Allen, and MCC because Plaintiff failed to state a viable claim against them. (Docs. 9, 10.) Plaintiff's Second Amended Complaint does not assert claims against Minor, Townsend, or Allen (Doc. 69), and therefore the Court will dismiss Plaintiff's claims against them and will not direct process against them. Plaintiff has alleged claims of an unconstitutional policy against MDOC and MCC in his Second Amended Complaint. (*See* Doc. 69 at ¶¶ 145-196.) The Court will therefore order process on both.

The Court dismissed Plaintiff's claims against Defendant Kathy Barton as time-barred. (Doc. 9.) Plaintiff's Second Amended Complaint does not change that analysis and the Court will therefore not order process on her.

Plaintiff's allegations against Dr. Jamie Hampshire are that she "administered a less efficacious course of testing and . . . provided this less efficacious testing and recommendation in a concerted effort to limit medical expenses for Corizon." (Doc. 69 at 16.) As noted twice before, allegations of poor treatment are insufficient to support a claim of deliberate indifference. *Estelle*, 429 U.S. at 106. Likewise, Plaintiff makes no allegation that Hampshire was in a

4

position to deny his requests for hearing aids. As such, she could not be held liable for denying him reasonable accommodations under the Americans With Disabilities Act. Plaintiff has thus failed to state a claim against Hampshire upon which relief may be granted and the Court will therefore dismiss Plaintiff's claim against Hampshire.

Lastly, the Court will not order service of process on "Corizon Corrections Healthcare," which, according to Defendant Corizon, LLC, does not exist. (*See* Doc. 13.) Because Corizon, LLC is the appropriate entity, the Court will remove Corizon Corrections Healthcare from the case caption.

The Court will deny Plaintiff's Motion for Extension of Time to Name Expert Witness (Doc. 113), as moot; the Court has already extended the deadline beyond the time sought. (*See* Docs. 115, 136.)

### Appointment of Counsel

Finally, Plaintiff moves for appointment of counsel; his third such request. (Doc. 98.) There is no constitutional or statutory right to counsel in civil cases. *See Philips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). In determining whether to appoint counsel in a civil case, the Court should consider the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Id.* (citing *Edgington v. Missouri Dep't of Corr.*, 85 F.3d 777, 780 (8th Cir. 1995)).

In a prior order denying Plaintiff's request for counsel, the Court wrote that "the record demonstrates that Plaintiff can effectively present his claims. While those claims are medical in nature, Plaintiff has demonstrated a strong grasp on the medical issues involved and illustrated a deep understanding of the available treatments and the relative appropriateness of each." (Doc. 67.) The Court believes Plaintiff's continued prosecution of his case further demonstrates his

5

capability and finds that appointed counsel is not necessary in this case. The Court will therefore deny Plaintiff's motion for appointment of counsel.

## Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Additional Interrogatories (Docs. 62, 99, 139, 151), are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Doc. 66), is **DENIED.**

**IT IS FURTHER ORDERED** that Motion for Court Order of Independent Medical Examination (Doc. 114), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Motion for Court Order of Independent Medical Examination (Doc. 150), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Additional Requests for Production (Doc. 140), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Amended Complaint (Doc. 97), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Process (Doc. 102), is **GRANTED in part.** The Clerk of Court is directed to issue process or cause process to be issued upon Defendant Moberly Correctional Center and, once identified, the current UMMD.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Dean Minor, H. Townsend, J. Allen, Kathy Barton, Dr. Mandip Bartels, and Dr. Jamie Hampshire are **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Name Expert Witness (Doc. 113), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Substitute Party (Doc. 132), is **GRANTED.** Defendants shall identify the person who replaced Deghetto and Bartels **within seven (7) days of the date of this order**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 98), is **DENIED.**

Dated this 27th Day of January, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE