# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DANNY D. HESTDALEN,        )
                                  )
        Plaintiff,           )
                                  )
        vs.                 )          Case No. 2:18-cv-00039-JAR
                                  )
CORRIZON CORRECTIONS     )
HEALTHCARE, et al.,         )
                                  )
        Defendants.      )
                                  )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Trinidad Aguilera's Motion for Judgment on the Pleadings. (Doc. 87.) Plaintiff advances two claims against Defendants: deliberate indifference to his serious medical needs in violation of the Eighth Amendment and denial of reasonable accommodations in violation of the Americans With Disabilities Act ("ADA"). (Doc. 53.) In his response to Aguilera's motion, Plaintiff concedes that "Dr. Aguilera's involvement . . . is limited to the ADA violation," specifically his "denial of a second hearing aid and proper tubing." (Doc. 93 at 1, 2.)

Aguilera argues that Plaintiff never "provide[s] any factual support for this allegation." (Doc. 88 at 6.) He asserts that "Plaintiff has not even alleged that Dr. Aguilera knew that Plaintiff needed two hearing aids instead of one hearing aid." (*Id*. at 6-7.) Plaintiff replies that "Dr. Aguilera's knowledge of the need for 2 hearing aids was provided in Plaintiff's grievances in detail." (Doc. 93 at 2.)

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard used to address a motion to dismiss for failure to state a claim under Rule

12(b)(6). *Clemmons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (internal citation omitted). The Court accepts as true all facts pleaded by the nonmoving party and grants all reasonable inferences from the pleadings in favor of the nonmoving party. *Id.* "When considering a motion for judgment on the pleadings . . . the court generally must ignore materials outside the pleadings . . ." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Similar to summary judgment, a judgment on the pleadings is appropriate "where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Id.* (quoting *Faibisch v. University of Minnesota,* 304 F.3d 797, 803 (8th Cir. 2002)).

The Court agrees with Aguilera. A review of Plaintiff's complaint shows a lack of any factual basis to conclude that Aguilera denied Plaintiff reasonable accommodations as required under the ADA. Allegations in Plaintiff's grievances are insufficient to remedy that defect. *Porous Media*, 186 F.3d at 1079. To the contrary, Plaintiff describes a concerned and focused course of treatment by Aguilera. In short, Plaintiff has failed to assert facts that could support a plausible ADA claim against Aguilera.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Trinidad Aguilera's Motion for Judgment on the Pleadings (Doc. 87), is **GRANTED.**


Dated this 24th Day of January, 2020.


_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE