UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANNY D. HESTDALEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 2:18-cv-00039-JAR |
| CORRIZON CORRECTIONS HEALTHCARE, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Danny Hestdalen's Motion to Reconsider the Dismissal of Defendant Dean Minor. (Doc. 64.)

Plaintiff's complaint was subjected to an initial screening during which the Court dismissed Defendant Minor because Plaintiff failed to state a viable claim against them. (Docs. 9, 10.) Plaintiff moves the Court to reconsider that dismissal on the grounds that, as Warden of Moberly Correctional Center, Minor had supervisory responsibility over medical care and grievances. (Doc. 64.) Defendants respond that supervisors cannot be held liable under 28 U.S.C. § 1983 absent some evidence of actual involvement in the alleged deprivation. (Doc. 65.)

Under Federal Rule of Civil Procedure 54(b), a district court may "exercise its general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment." *Evans v. Contract Callers, Inc.*, No. 4:10CV2358 FRB, 2012 WL 234653, at *2 (E.D. Mo. Jan. 25, 2012) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856-57 (8th Cir. 2008)). The Court may amend or reconsider its ruling "to correct any clearly or manifestly erroneous findings of facts or conclusions of law" but may not do so based on facts or legal

1

arguments "which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." *Evans*, 2012 WL 234653, at *2 (citations omitted).

As an initial matter, Plaintiff cannot obtain reconsideration based on factual allegations he did not raise in his initial complaint. *Evans*, 2012 WL 234653, at *2. In any event, the allegations he now raises are insufficient. As Defendants note, liability under § 1983 requires personal involvement in the alleged deprivation: "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As such, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*.

Plaintiff asserts that Minor was personally involved in the review of his grievances and failed to intervene to provide the requested medical treatment. (Doc. 64 at 5-6.) The "failure to process grievances, without more, is not actionable under § 1983," *Adams v. Hobbs*, 402 F. App'x 157 (8th Cir. 2010) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam)), and "liability is not imposed for medical or diagnostic decisions when the warden or superintendent lacks medical expertise and relies upon the opinion of medical professionals," *Voyles v. Dormire*, No. 08-4089-CV-C-SOW, 2009 WL 152103, at *3 (W.D. Mo. Jan. 21, 2009) (citing *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)). In short, none of Plaintiff's allegations support liability.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Danny Hestdalen's Motion to Reconsider the Dismissal of Defendant Dean Minor (Doc. 64), is **DENIED.**

Dated this 29th day of January, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE