UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DANNY D. HESTDALEN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:18-cv-00039-JAR |
| CORIZON, LLC, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Danny D. Hestdalen's Motion for Appointment of Counsel. (Doc. 268). Plaintiff has previously filed two motions for appointment of counsel (Docs. 45, 98), both of which were denied. (Docs. 67, 173).

When determining whether to appoint counsel in a civil case, this Court must consider the factual complexity of the issues, ability of the indigent plaintiff to investigate the facts, existence of conflicting testimony, and complexity of the legal arguments. *See Philips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citing *Edgington v. Missouri Dep't of Corr.*, 85 F.3d 777, 780 (8th Cir. 1995)). In its previous denials of Plaintiff's motions for appointment of counsel, this Court determined that Plaintiff "has demonstrated a strong grasp on the medical issues involved and illustrated a deep understanding of the available treatments and relative appropriateness of each." (Doc. 67 at 2). Plaintiff has continuously demonstrated his ability to effectively pursue his claims without assistance of counsel. One of Plaintiff's specific concerns is that he "does not have the skills necessary to conduct trial preparations." (Doc. 268 at 16). This Court reminds Plaintiff that a trial date has not been set and will not be set until this Court rules on the fully briefed summary judgment motions filed by Defendants. (Docs. 194, 199).

Plaintiff also requests, in the alternative, that this Court appoint counsel for the limited purpose of obtaining an independent medical examination pursuant to Fed. R. Evid. 706. It is not necessary that Plaintiff have counsel appointed for this Court to appoint an independent medical expert. As this Court has previously explained, moreover, Plaintiff's "current [medical] condition does not bear on his constitutional claim" because it "does not assist the trier-of-fact in determining whether he was denied medical treatment." (Doc. 173 at 2). Courts rarely exercise their authority under Rule 706, which requires "extraordinary and compelling circumstances to justify appointing an expert witness." *Barnett v. Hill*, Case No. 1:19-CV-00008-JAR, 2019 WL 4750250, at *1 (E.D. Mo. Sept. 30, 2019). *Smith v. Jenkins*, cited by Plaintiff, constituted such extraordinary circumstances because the lower court had apparently not reviewed any of the plaintiff's medical records. 919 F.2d 90, 93 (8th Cir. 1990). This Court has complete access to the applicable medical records in this case. (Doc. 205). Because Plaintiff has not demonstrated that extraordinary circumstances are present, the motion for appointment of counsel in order to obtain an independent medical examination pursuant to Fed. R. Evid. 706 will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Danny D. Hestdalen's Motion for Appointment of Counsel (Doc. 268) is **DENIED**.

Dated this 4th day of December, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE