UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DANNY D. HESTDALEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-CV-00039-JAR |
| | ) |
| CORIZON, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This closed matter is before the Court on Plaintiff Danny D. Hestdalen's Motion to Alter or Amend Judgment. (Doc. 277). The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be denied.

**I.    BACKGROUND**

Plaintiff brought this action against the Missouri Department of Corrections ("MDOC"), Moberly Correctional Center ("MCC"), and Lisa Pogue (collectively the "MDOC Defendants"), as well as Corizon, LLC ("Corizon") and various individual Corizon healthcare providers (collectively the "Corizon Defendants"). Plaintiff's Second Amended Complaint ("SAP") broadly alleges that Defendants violated his statutory and constitutional rights in the course of treating his hearing issues and that Corizon Defendants were deliberately indifferent to his serious medical needs. (Doc. 69). On February 9, 2021, this Court granted summary judgment in favor of both the MDOC Defendants and Corizon Defendants on all claims. (Doc. 274). Plaintiff now moves for the Court to alter or amend its judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b).

## II. LEGAL STANDARD

Plaintiff states that his motion is pursuant to both Fed. R. Civ. P. 59(e) and 60(b). Generally, courts in the Eighth Circuit assume that motions directed at a final judgment fall under Rule 59(e). *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999); *see also Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008). A Rule 59(e) motion "serve[s] the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations omitted). Rule 60(b) requires that the moving party show "exceptional circumstances" warranting "extraordinary relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) (citation omitted). The Eighth Circuit has consistently maintained that Rule 60(b) "was not intended as a substitute for a direct appeal from an erroneous judgment." *Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986) (internal quotations omitted). Because Rules 59(e) and 60(b) apply similar standards, this Court will not separately assess Plaintiff's motion under each rule. This Court construes Plaintiff's pro se filings liberally. *See Estelle v. Gamble*, 429 U.S. 97, 206 (1976).

## III. DISCUSSION

Plaintiff's motion essentially offers a section-by-section reply to this Court's Memorandum and Order granting summary judgment in favor of Defendants. The motion rehashes numerous arguments which have been previously addressed by this Court or offers arguments which Plaintiff could have made in summary judgment briefing. *See In re Gen. Motors Corp. Anti-Lock Brake Prod. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997) ("It is not appropriate to use a Rule 59(e) motion to repeat arguments or raise new arguments that could have been made before judgment."). Mere disagreement with this Court's analysis does not

warrant relief under Rule 59(e) or 60(b).[1] Accordingly, this Court has prioritized consideration of those issues where Plaintiff has alleged a specific, manifest error of law or fact or that this Court failed to address a claim.

With this in mind, this Court liberally construes Plaintiff's motion as seeking reconsideration on the following grounds:

(1) <u>Dr. Hammerly Credibility Determination</u>: Plaintiff argues that the Court improperly found Dr. Hammerly more credible than Plaintiff. (Doc. 278 at 4-5, 8-9, 19-20).

(2) <u>ENT Specialist</u>: Plaintiff argues that this Court ignored evidence suggesting that Plaintiff's Ear, Nose, and Throat ("ENT") specialist, Dr. Reese Thompson, did not provide adequate care. (*Id.* at 10-13).

(3) <u>Deliberate Indifference by Corizon Defendants</u>: Plaintiff argues that the Court improperly resolved genuine disputes of material facts regarding the treatment of Plaintiff by Corizon Defendants. (*Id.* at 17-20).

(4) <u>*Monell* and Due Process Claims</u>: Plaintiff argues that the Court failed to address his *Monell* claim regarding the Corizon hearing aid policy and due process claims against Defendants. (*Id.* at 7, 15-16).

**(1) Dr. Hammerly Credibility Determination**

Dr. Hammerly, a Defendant and Corizon's Regional Medical Director, did not approve Plaintiff's request for a second hearing aid. (Doc. 205-2 at ¶ 11). Plaintiff alleged that Dr. Hammerly was deliberately indifferent in refusing to provide a second hearing aid. This Court granted summary judgment in favor of Corizon and Dr. Hammerly because, among other reasons, "the record reflects that Dr. Hammerly reviewed the record and, in his medical judgment, determined that a second hearing aid was not medically warranted based on the

---

[1] On the following issues, this Court denies Plaintiff's motion because Plaintiff has merely repeated arguments or raised arguments which could have been raised in summary judgment briefing: Americans with Disabilities Act and Rehabilitation Act claims against Corizon and MDOC Defendants; breach of contract claim against Corizon; arbitrary and vague policies claim against MDOC Defendants; Missouri state law claims against MDOC Defendants.

Plaintiff also discusses this Court's failure to appoint an independent medical expert. (Doc. 295 at 8). This Court has explained its reasoning for not appointing such an expert, and Plaintiff has not offered any new evidence causing the

audiologist's report." (Doc. 274 at 7). Plaintiff contends that this Court made an improper credibility determination by accepting Dr. Hammerly's averments as fact. (Doc. 278 at 8).

This Court recognizes that it "should not weigh evidence, make credibility determinations, or attempt to determine the truth of the matter" when ruling on a motion for summary judgment. *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018) (citation omitted). But this Court made no credibility determination when granting summary judgment. The undisputed facts establish that Dr. Jones recommended replacement of the right hearing aid and Dr. Hammerly reviewed the external audiologist's report before ordering replacement of the right hearing aid only. Plaintiff merely argues that Dr. Hammerly improperly interpreted the audiologist's report, but that is a medical judgment which this Court is in no position to criticize. Plaintiff acknowledged that the audiologist's report only stated that the right hearing aid required replacement. (Doc. 233 at 14). Plaintiff's medical records provide: "[Plaintiff] was seen by audiology on 4/29/16. They performed maintenance and reported the [right] needed to be replaced." (Doc. 205 at 16). Dr. Hammerly subsequently approved a replacement right hearing aid. This Court granted summary judgment on this issue because there is no basis on which a reasonable factfinder could conclude that Dr. Hammerly's mental state was "akin to criminal reckless." (Doc. 274 at 7). *See Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009) (internal quotation omitted). This determination was based on the undisputed facts and not any credibility determination.

### (2) ENT Specialist

In granting summary judgment, this Court considered Plaintiff's claim that Defendants were deliberately indifferent to his Eustachian Tube Dysfunction ("ETD") and other ENT issues.

---

Court to question its decision. (Doc. 173 at 2-3).

(Doc. 274 at 9-13). The Court noted that Plaintiff was referred to an external ENT specialist, Dr. Reese Thompson, who "recommended a cochlear implant or, if an implant was not available under Corizon policy, continued use of hearing aids." (*Id.* at 11). In essence, Plaintiff disagrees with Dr. Thompson's assessment of the severity of Plaintiff's ENT problems. Plaintiff now alleges that Corizon Defendants should not have relied on Dr. Thompson's opinion because Dr. Thompson lacked sufficient access to Plaintiff's medical records and provided inadequate care. (Doc. 278 at 10-11).

In short, Plaintiff received substantial treatment for his various ENT issues, including referral to Dr. Thompson. Plaintiff has not produced new evidence suggesting this Court should revisit its determination that Corizon Defendants "made good faith attempts employing various strategies to address Plaintiff's medical needs." (Doc. 274 at 12). Besides Dr. Thompson's treatment, the record reflects that Corizon Defendants "tried different medications, suggested alleviating maneuvers, and made referrals when medically indicated." (*Id.*). Dr. Ruanne Stamps also review Dr. Thompson's findings, and Plaintiff has admitted that Dr. Stamps "may not have literally ignored [his] medical needs." (Doc. 256 at 47). Even if this Court were to accept Plaintiff's allegations regarding Dr. Thompson specifically, a reasonable factfinder could not conclude that Corizon Defendants were deliberately indifferent to Plaintiff's ENT issues.

### (3) Deliberate Indifference by Corizon Defendants

Plaintiff broadly alleges that this Court erred in granting summary judgment "in that it did not apply its view of the evidence in the light most favorable to the nonmoving party." (Doc. 278 at 17). As MDOC Defendants note in response, however, Plaintiff has not cited any evidence which was not before the Court when summary judgment was granted. (Doc. 284 at 3). Plaintiff repeatedly accuses this Court of accepting Defendants' assertions as true while rejecting

Plaintiffs' claims. But this Court made no credibility determinations in granting summary judgment. Instead, this Court relied exclusively on the established medical records which unquestionably reflect that Plaintiff received substantial care and due consideration for each medical issue he brought to Defendants' attention. Plaintiff did not "come forward with specific facts showing there is a genuine issue for trial" as to his deliberate indifference claims against the Corizon Defendants. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted).

### (4) *Monell* and Due Process Claims

Plaintiff argues that this Court failed to address his due process and *Monell* claims. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978). Plaintiff cites various references to such claims in his response to the Corizon Defendants' motion for summary judgment. (Doc. 258). In granting summary judgment in favor of Corizon Defendants, however, this Court specifically determined that "[e]ven construing Plaintiff's SAP liberally, this Court finds that the SAP does not state a claim under the Due Process Clause of the Fourteenth Amendment. Alternatively, the Court finds that any such claim is meritless for the reasons outlined by the Corizon Defendants." (Doc. 274 at 3 n.4). Plaintiff's SAP did not make a due process claim against Corizon Defendants, and references to such claims in Plaintiff's 139-page response to Corizon's motion for summary judgment do not establish a claim. Because this Court found that no Defendant was deliberately indifferent to Plaintiff's serious medical needs, moreover, there is no basis to conclude that any Corizon policy resulted in a constitutional violation. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) ("A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies.").

### IV. NOTICE OF APPEAL

Plaintiff filed a Notice of Appeal along with the instant motion, which arguably divests this Court of jurisdiction. (Doc. 279). The Eighth Circuit Court of Appeals remanded for calculation and collection of appellate filing fees (Doc. 287), and this Court has ordered the Clerk of Court to begin collecting such fees. (Doc. 289). Plaintiff has since clarified that he filed the Notice of Appeal to ensure it was entered before the 30-day time limit but only meant to file in the alternative in the event that this Court denied the instant motion. (Docs. 296-97). Collections of fees properly began pursuant to Plaintiff's filing of a Notice of Appeal, and the Clerk of Court shall continue to collect such fees as required by the Eighth Circuit's order.

### V. CONCLUSION

Deliberate indifference requires more than gross negligence. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted). After a careful review of the record, this Court granted summary judgment because the undisputed facts revealed that Corizon Defendants "provided Plaintiff substantial medical care, tried numerous treatment options, made referrals for visits to specialists, ordered diagnostic testing when indicated, and generally used their best efforts to address Plaintiff's serious medical needs." (Doc. 274 at 31). This Court did not resolve any genuine disputes of material facts in reaching this conclusion. Plaintiff's motion to alter or amend judgment generally expresses disagreement with this Court's analysis but does not offer newly discovered evidence or identify a manifest error of law causing this Court to reconsider its decision.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Danny D. Hestdalen's Motion to Alter or Amend Judgment (Doc. 277) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Danny D. Hestdalen's Motion In Re: Filing Notice of Appeal (Doc. 296) is **DENIED as moot**.

Dated this 27th day of April, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE